UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE EX PARTE* APPLICATION OF EMMANUELLE CORINNE TRAKS FOR AN ORDER, PURSUANT TO 28 U.S.C. § 1782, GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING | 24 Misc. 611 (KPF)  **SEALED ORDER** |

KATHERINE POLK FAILLA, District Judge:

Applicant Emmanuelle Corinne Traks ("Applicant" or "Ms. Traks") filed this *ex parte* application seeking an order under 28 U.S.C. § 1782 authorizing her to serve subpoenas on Goldman Sachs & Co. LLC ("Goldman Sachs"), UBS Financial Services Inc. ("UBS"), Morgan Stanley & Co. LLC ("Morgan Stanley"), BNP Paribas USA, Inc. ("BNP"), Sotheby's, Inc. ("Sotheby's"), Christie's Inc. ("Christie's"), and Phillips Auctioneers LLC ("Phillips") (collectively, the "Discovery Subjects") for use in a pending proceeding in the French-Speaking Court of First Instance of Brussels, Belgium (the "Belgian Proceeding"). For the reasons set forth in the remainder of this Order, the application is granted.

### BACKGROUND[1]

**A. The Parties**

Applicant is an individual who was born in Uccle, Belgium and is currently a resident of Barcelona, Spain. (Verhaeghe Decl. ¶ 7).

---

[1] This Order draws its facts from the declarations of Michaël Verhaeghe ("Verhaeghe Decl.") and Paul Cossu ("Cossu Decl."), and their attached exhibits, submitted in support of Applicant's application for judicial assistance pursuant to Section 1782.

For ease of reference, the Court refers to Applicant's memorandum of law in support of her application as "App. Br."

Goldman Sachs, UBS, Morgan Stanley, and BNP are financial institutions where Applicant's ex-husband, Michael Gutman ("Mr. Gutman"), maintains bank accounts, either individually or jointly with Ms. Traks. (Verhaeghe Decl. ¶ 12).[2] Goldman Sachs is headquartered in New York, with its principal executive offices located at 200 West Street, New York, NY 10282. (Cossu Decl. ¶ 7). UBS is a Delaware limited liability company that is registered to do business in New York and has a New York branch located at 1285 Avenue of the Americas, New York, NY 10019. (*Id.* ¶ 8). Morgan Stanley is a Delaware LLC registered to do business in and headquartered in New York, with its principal executive offices located at 1585 Broadway, New York, NY 10036. (*Id.* ¶ 9). BNP has its headquarters at 787 Seventh Avenue, New York, NY 10019. (*Id.* ¶ 10).

Sotheby's, Christie's, and Phillips are auction houses where Mr. Gutman and Ms. Traks regularly purchased and sold artworks over the course of their marriage. (Verhaeghe Decl. ¶ 14). Sotheby's is incorporated in the State of New York with its principal executive offices at 1334 York Avenue, New York, NY 10021. (Cossu Decl. ¶ 11). Christie's is incorporated in the State of New York with its principal executive offices located at 20 Rockefeller Plaza, New York, NY 10020. (*Id.* ¶ 12). Phillips is a Delaware limited liability company

---

[2]     During their marriage, Mr. Gutman also established several off-shore companies: Chelfield Properties Inc. (Panama); Camelia International Ltd. (the Bahamas); Pinley Investors Inc. (Panama); KILGard Group Inc. (Panama); Wayland Properties S.A. (Panama); and Columbus Shipping Ltd. (Malta). (Verhaeghe Decl. ¶ 13).

that is registered to do business in New York and maintains its global headquarters at 432 Park Avenue, New York, NY 10022. (*Id.* ¶ 13).

**B.    Background**

Applicant married Mr. Gutman on January 27, 1987. (Verhaeghe Decl. ¶ 8). Mr. Gutman was also born in Uccle, Belgium and resides in Milan. (*Id.* ¶ 7). Mr. Gutman filed for divorce on April 4, 2019. (*Id.* ¶ 9). The divorce was granted on November 27, 2019, by judgment of the French-speaking Family Court of Brussels, and became final on February 11, 2020. (*Id.*). The marriage was thus dissolved after approximately 32 years, during which it had been subject to the community property regime under Belgian law. (*Id.*).

On July 7, 2021, Ms. Traks and Mr. Gutman entered into a settlement agreement (the "Settlement"), through which they settled the division of their property rights and reached a global and final agreement following their divorce. (Verhaeghe Decl. ¶ 10). To comply with legal obligations regarding the transfer of real estate, the Settlement was later incorporated and completed in a notarial deed (the "Deed"). (*Id.*).

**C.    The Application**

The present application arises out of Mr. Gutman's alleged failure to comply with the Settlement. (Verhaeghe Decl. ¶ 18). During the course of the settlement negotiations, Mr. Gutman made statements that suggested his intention to transfer and conceal artworks from Ms. Traks. (*Id.* ¶ 19). To date, Ms. Traks has not received artworks to which she is entitled under the Settlement, despite making repeated requests of Mr. Gutman to relinquish the

property. (*Id.* ¶ 18). On April 18, 2024, Ms. Traks received an email from Phillips, which was directed to Mr. Gutman, advising him that pieces of art purchased under his account during the marriage remained in Phillips's possession. (*Id.* ¶ 21, Ex. 5). Further, Applicant claims to have uncovered other evidence illustrating a pattern of illicit transfers, concealment, and misappropriation of marital property that is owed to her under the Settlement. (*Id.* ¶ 22). In light of that evidence, Applicant initiated the Belgian Proceeding on October 3, 2024, lodging a civil party criminal claim against Mr. Gutman relating to acts of money laundering and theft, to recover assets owned by Applicant. (*Id.* ¶¶ 24-26).

Applicant now seeks judicial assistance pursuant to 28 U.S.C. § 1782, to obtain information from the Discovery Subjects for use in the Belgian Proceeding. (App. Br. 1). Applicant seeks information from the Discovery Subjects related to: (i) bank account statements, relating to accounts held, either jointly or individually, by Mr. Gutman, Ms. Traks, or any of the six named offshore entities, during the period of the marriage; (ii) documents relating to bank accounts for which Ms. Traks was or is identified as a signatory or beneficiary during the period of the marriage; and (iii) documents reflecting transactions or prospective transactions, in which Mr. Gutman, Ms. Traks, or any of the six named offshore entities were involved as a buyer, seller, consignor, or interested party during the period of the marriage. (*See* Cossu Decl., Ex. 1-7). Specifically, Applicant seeks to serve seven subpoenas; one on each of the Discovery Subjects. (*Id.*).

4

**LEGAL STANDARD**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). "The analysis of a district court hearing an application for discovery pursuant to [Section] 1782 proceeds in two steps." *Fed. Republic of Nigeria* v. *VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022). At the first step, the Court must determine whether the applicant satisfies Section 1782's three statutory requirements: that "[i] the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, [ii] the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and [iii] the application is made by a foreign or international tribunal or any interested person." *Mees* v. *Buiter*, 793 F.3d 291, 297 (2d Cir. 2015); *accord Fed. Republic of Nigeria*, 27 F.4th at 148.

If the applicant meets the statutory requirements, a district court "may grant discovery under [Section] 1782 in its discretion." *Mees*, 793 F.3d at 297. The Court must exercise its discretion "in light of the twin aims of the statute: [i] 'providing efficient means of assistance to participants in international litigation in our federal courts and [ii] encouraging foreign countries by

5

example to provide similar means of assistance to our courts.'" *Schmitz* v. *Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004) (*quoting In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997)).  To evaluate whether granting an application would further Section 1782's aims, the Court must consider four factors that the Supreme Court set forth in *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).  *See Fed. Republic of Nigeria*, 27 F.4th at 148.  These four so-called "*Intel* factors" are:

> [i] whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for [Section] 1782(a) aid generally is not as apparent; [ii] the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; [iii] whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and [iv] whether the request is unduly intrusive or burdensome.

*Id.* (internal quotation marks omitted).

## DISCUSSION

At the outset, the Court observes that "it is neither uncommon nor improper for district courts to grant applications made pursuant to [Section] 1782 *ex parte*."  *Gushlak* v. *Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order).  Applicant may therefore properly proceed with the present application on an *ex parte* basis.  The Discovery Subjects' "due process rights are not violated because [they] can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."  *Id.*

Next, the Court finds that Applicant's application satisfies Section 1782's three statutory requirements.  *First*, the applicant avers that each of the Discovery Subjects resides or is found in the Southern District of New York, because each is registered to do business in New York and maintains offices in New York.  (App. Br. 8; Cossu Decl. ¶¶ 7-13).  *See, e.g., In re Lane*, No. 22 Misc. 34 (LGS), 2022 WL 16737132, at *2-3 (S.D.N.Y. Nov. 7, 2022) (finding that Morgan Stanley resides or is found in this District and granting 1782 application for discovery from Morgan Stanley); *In re Eurasian Bank JSC*, No. 19 Misc. 568 (RA), 2020 WL 85226, at *1 (S.D.N.Y. Jan. 2, 2020) (granting 1782 application for discovery from UBS).  *Second*, Applicant seeks to use the discovery in an ongoing adversarial action in Belgium pending before the French-Speaking Court of First Instance of Brussels, Belgium.  (App. Br. 9; Verhaeghe Decl. ¶¶ 24-26).  *Third*, Applicant is a litigant in the Belgian Proceeding and is therefore an "interested person" for purposes of Section 1782.  *See Intel*, 542 U.S. at 256 (remarking that "[n]o doubt litigants are included among ... the 'interested person[s]' who may invoke [Section] 1782"); *see also In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020) (observing that "since Applicant is a litigant [in the foreign proceeding], it plainly is an interested person" within the meaning of Section 1782).

The Court further finds that the four *Intel* factors weigh in favor of granting Applicant's application.  *First*, Applicant avers that none of the Discovery Subjects is a party to the Belgian Proceeding.  (App. Br. 10).  Without

7

1782 assistance, Applicant claims that the documents and testimony she seeks from the Discovery Subjects would be unavailable. (*Id.*).

*Second*, the Belgian Proceeding is an appropriate subject of judicial assistance, because there is no indication that the French-Speaking Court of First Instance of Brussels, Belgium would not be receptive to discovery obtained through Section 1782. Applicant's Belgian counsel of record believes that the court presiding over the Belgian Proceeding will consider evidence of Mr. Gutman's bank transactions and auction house dealings as relevant to the criminal allegations against him, subject to the standard evidentiary rules guiding that court, and has no reason to believe that the court would reject evidence obtained pursuant to Section 1782. (App. Br. 11; Verhaeghe Decl. ¶¶ 29-30). *See Euromepa S.A.* v. *R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) (stating that "a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782"); *In re Republic of Kazakhstan*, No. 23 Misc. 283 (ER), 2023 WL 8373070, at *1-2 (S.D.N.Y. Dec. 4, 2023) (denying motion to vacate grant of 1782 application in connection with ongoing civil proceedings in Belgium).

*Third*, "nothing in the record suggests" that Applicant is seeking to circumvent foreign proof-gathering restrictions or other policies. *In re BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18 Misc. 47 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018). Indeed, Applicant asserts that:

> without access to further information possess[ed] by Phillips and the other Discovery Subjects concerning potentially significant bank transfers and covert auction purchases (or sales) involving assets subject to the Settlement with a connection to the Southern District of New York, the Belgian tribunal may be unable to definitively investigate and adjudicate the criminal claims against Mr. Gutman, including by being unable to make a fully-informed determination as to property and funds that should be awarded to Ms. Traks.

(App. Br. 12-13).

*Finally*, Applicant's proposed subpoenas are not unduly intrusive or burdensome when judged by the "familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. Here, the subpoenas are tailored to include only documents relevant to the Belgian Proceeding, namely banking and art transactions that took place during the time of Ms. Trak's and Mr. Gutman's marriage. (App. Br. 13).

Accordingly, the Court finds that Applicant's request comports with the *Intel* factors and is consistent with the twin purposes of Section 1782.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Applicant's application for judicial assistance pursuant to 28 U.S.C. § 1782. Applicant may serve the proposed subpoenas included as Exhibits 1-7 to the Cossu Declaration. The Discovery Subjects are directed to respond to such subpoenas pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. In light of the arguments made by Applicant for sealed, *ex parte* treatment of the initiation of this case and the briefing on this application, the Court ORDERS this Order to be sealed, viewable to the Court and Applicant only, until the

date on which the Discovery Subjects have each been served with the subpoena directed to it. The Court further ORDERS counsel for Applicant to advise the Court promptly after service.

The Clerk of Court is directed to terminate the pending motion at docket entry 1 and close this action for administrative purposes. If any other party files a motion to quash, the action shall automatically be reopened.

SO ORDERED.

Dated: April 10, 2025
New York, New York

                                                  KATHERINE POLK FAILLA
                                                  United States District Judge